**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RAMON HOSEA MCGRAW,                                                                           PLAINTIFF
ADC# 142102

V.                                         5:10-cv-00227-JMM-JJV

ARKANSAS DEPARTMENT
OF CORRECTION; *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>500 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Ramon McGraw, filed a Complaint on August 3, 2010, (Doc. No. 1), in which he sued the Arkansas Department of Correction (ADC); Saline County, Arkansas; the Pulaski County Jail, and this Court. The Court entered an Order instructing Mr. McGraw that his Complaint failed to state a claim upon which relief may be granted and, if he wished, he could submit an amended complaint. (Doc. No. 7). The Court cautioned Mr. McGraw that an amended complaint would render his original complaint without legal effect and his amended complaint should "1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner; and 3) indicate whether he is suing each defendant in his/her individual or official capacity, or in both capacities." Mr. McGraw filed a Second Motion to Amend/Correct Complaint on September 28, 2010 (Doc. No. 12). For the following reasons, the Court recommends that Mr. McGraw's Complaint (Doc. No. 12) be dismissed for failure to state a claim upon which relief may be granted.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 1950, *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. at 545. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 545-46.

3

Mr. McGraw's Second Motion to Amend/Correct Complaint fails to state a claim upon which relief may be granted. His Second Amended Complaint is 54 pages long, lists approximately 105 Defendants, and in relief seeks "8.8 trillion dollars." In violation of the Court's Order, he fails to state in a simple and concise manner how each Defendant was involved or how they violated his constitutional rights. In fact, he fails to include any specific allegations against any specific Defendant. Therefore, the Court finds that Mr. McGraw's Complaint should be dismissed.

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Second Amended Complaint be DISMISSED with prejudice;

2. Dismissal of this action counts as a "strike" for purposes of 28 U.S.C. § 1915(g); and

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order adopting the recommendations would not be taken in good faith.

DATED this 3rd day of November, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE